STATE OF NORTH CAROLINA v. KENNETH SOLOMON O'CONNOR

No. COA01-921

(Filed 18 June 2002)

**Evidence— expert opinion testimony—credibility of sexual abuse victim**

　　The trial court committed plain error in a first-degree statutory sexual offense case by distributing an exhibit to the jury which had an expert's opinion that a sexual abuse victim's disclosure to her that defendant "sodomized and performed oral sex on him was credible," because: (1) the admission constitutes impermissible expert testimony on the credibility of the minor victim's testimony; and (2) there was no physical evidence of abuse and the State's case was almost entirely dependent on the minor victim's credibility with the jury.

STATE v. O'CONNOR

[150 N.C. App. 710 (2002)]

Appeal by defendant from judgments dated 1 February 2001 by Judge J. Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 14 May 2002.

*Attorney General Roy Cooper, by Assistant Attorneys General Joyce S. Rutledge and Anne M. Middleton, for the State.*

*Elizabeth G. McCrodden for defendant-appellant.*

GREENE, Judge.

Kenneth Solomon O'Connor (Defendant) appeals judgments dated 1 February 2001 entered consistent with jury verdicts finding him guilty of two counts of first-degree statutory sexual offenses.

The evidence at trial was in conflict. The State presented evidence that J.M., a 14-year-old young man, was on multiple occasions sexually assaulted by Defendant. J.M. testified he had been sexually assaulted by Defendant, and several others testified that J.M. had told them he had been sexually assaulted by Defendant. Although Defendant did not testify at trial, a statement he had previously given to the Buncombe County Sheriff's Department was admitted into evidence. In that statement, Defendant denied any sexual contact with J.M. Dr. Cindy Brown (Dr. Brown), an expert in the diagnosis and treatment of child abuse, testified she examined J.M. and found no physical indications he had been sexually assaulted. Dr. Brown did state J.M. told her he had been sexually assaulted on three different occasions. Her findings and conclusions were contained in a written report, marked as State's Exhibit 8 (the Exhibit), admitted into evidence without objection. The Exhibit was passed to the jury. The following was a part of the Exhibit:

> [J.M.] was referred for evaluation of alleged sexual abuse. [J.M.] was interviewed by our usual protocol. He disclosed that [Defendant] sodomized and performed oral sex on him. [J.M.] also disclosed that he performed oral sex on [Defendant]. [J.M.] says these incidents happened three times and that he was told if he told anyone, [Defendant] would kill him and his family. It is my impression that [J.M.'s] disclosure was credible.

The dispositive issue is whether it is plain error for a trial court to distribute an exhibit to the jury which has an expert's opinion that a sexual abuse victim's disclosure is credible.

An expert may not testify that a child victim of abuse "is believable, credible, or telling the truth" because this violates the teachings of N.C. Gen. Stat. § 8C-1, Rules 405 and 608(a). *State v. Bailey*, 89 N.C. App. 212, 219, 365 S.E.2d 651, 655 (1988); *State v. Aguallo*, 318 N.C. 590, 598, 350 S.E.2d 76, 81 (1986). The expert may, however, testify with respect to "the credibility of children in general." *State v. Oliver*, 85 N.C. App. 1, 12, 354 S.E.2d 527, 534, *disc. review denied*, 320 N.C. 174, 358 S.E.2d 64 (1987). An expert is permitted to testify "as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics' consistent therewith." *State v. Stancil*, 355 N.C. 266, 267, 559 S.E.2d 788, 789 (2002) (*per curiam*). An expert may also, *if she observes physical evidence of sexual abuse*, express an opinion that the child has been sexually abused. *Id.* at 266-67, 559 S.E.2d at 789.

In this case, it was error to admit into evidence that portion of Dr. Brown's written report wherein she states J.M.'s disclosure to her that Defendant "sodomized and performed oral sex on him . . . was credible."[1] The admission of the Exhibit was error because it constitutes impermissible expert testimony on the credibility of J.M.'s testimony. Morever, because there was no physical evidence of abuse and the State's case was almost entirely dependent on J.M.'s credibility with the jury, the admission of Dr. Brown's statement was plain error. *See State v. Hannon*, 118 N.C. App. 448, 451, 455 S.E.2d 494, 496 (1995) (admission of an expert's opinion regarding a sexual abuse victim's credibility is "plain error when the State's case depends largely on the prosecuting witness's credibility"); *see also State v. Holloway*, 82 N.C. App. 586, 587-88, 347 S.E.2d 72, 74 (1986).

New trial.

Judges HUDSON and BIGGS concur.

---

1. Although Dr. Brown did not testify in court concerning the credibility of J.M.'s disclosure, her opinion regarding such credibility was nonetheless in evidence as it was included as a part of an exhibit viewed by the jury. There is no reason to distinguish between an expert's opinion presented through oral testimony and an expert's opinion expressed in written form.