STATE OF NORTH CAROLINA v. WAYNE LEROY COUSER

No. COA03-611

(Filed 20 April 2004)

### 1. Evidence— medical opinion of sexual abuse—physical evidence not sufficient

The admission of a doctor's testimony that the victim in an attempted rape and indecent liberties prosecution had probably been abused was plain error. The physical evidence did not sufficiently support the doctor's opinion, and it had a probable impact on the outcome because it amounted to an improper opinion on the victim's credibility, the central issue in the case. Moreover, the acquittal on rape did not render the error harmless because the doctor's opinion could be construed to include attempted rape.

### 2. Evidence— prior convictions—irrelevant

The prior sexual assault convictions of an attempted rape victim's father were properly excluded from the attempted rape prosecution as irrelevant where the father was not the defendant, the prior convictions were not enough to implicate him in this assault, and the prior convictions were not inconsistent with defendant's guilt.

### 3. Evidence— witness's prior conviction—failure to mention during interview—properly excluded

The failure of an attempted rape victim's sister and father (not the defendant here) to mention the father's prior sexual assault upon the sister during their interview with an officer was properly excluded from this trial. This was not a material circumstance that would naturally be mentioned.

### 4. Rape— attempted as lesser included offense—doubtful evidence of penetration

There was sufficient evidence to submit the lesser offense of attempted rape to the jury where most of the victim's testimony was that the rape was completed, but other evidence placed penetration in doubt.

Appeal by defendant from judgment entered 15 August 2002 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 4 February 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

HUNTER, Judge.

Wayne Leroy Couser ("defendant") appeals from a judgment dated 15 August 2002 entered consistent with jury verdicts finding him guilty of attempted statutory rape of a minor and taking indecent liberties with a child. The charges were consolidated for sentencing resulting in an active prison sentence with a minimum term of 251 months and a corresponding maximum term of 311 months. Because the admission of expert testimony in this case resulted in plain error, we grant a new trial on both counts.

The State's evidence presented at trial tends to show that on 23 May 2001, S.D., the thirteen year-old minor victim ("the victim"), was in her house taking a shower when defendant, who occasionally stayed at the house, knocked on the door and asked to use the bathroom. The victim finished her shower, dressed, and started to walk out of the bathroom. Defendant grabbed the victim and threw her to the floor and engaged or attempted to engage in vaginal intercourse with the victim and fondled her breasts. On cross-examination, the victim testified that during the assault, her underwear was pulled down to her thighs and that although defendant did not remove his pants they were undone. On redirect examination, when asked by the State how defendant managed to penetrate her, the victim testified that she was "not sure [defendant] got it in."

The investigating detective corroborated the victim's account, testifying that the victim stated to her that defendant had pulled her

shorts down to her thighs and tried to insert his penis into the victim's vagina. The State offered further corroborating evidence from the victim's mother, father, sister, and another acquaintance, including testimony that following the assault, the victim told her mother that defendant had "tried to do it with [her]," and subsequently told the acquaintance that defendant "tried to go in [her]."

Dr. Jennifer Helderman ("Dr. Helderman") testified that she performed an examination on the victim and that her only abnormal finding was the presence of two abrasions on either side of the introitus. Based on her examination, Dr. Helderman testified that her diagnosis was probable sexual abuse with abrasions consistent with the victim's history of sexual assault. On cross-examination, Dr. Helderman testified that the abrasions on the introitus could be caused by something other than a sexual assault and are not, in themselves, diagnostic or specific to sexual abuse.

Defendant's evidence included testimony from the lead investigator on the case that defendant had submitted to a rape suspect kit. Subsequent testing of that kit was negative and revealed none of defendant's hair on the victim, none of the victim's hair on defendant, and no semen in the victim or on her clothes. Defendant was indicted for first degree statutory rape and taking indecent liberties with a minor. The trial court, without objection by defendant, included attempted rape in its charge to the jury. The jury acquitted defendant of rape but returned its convictions on both the attempted rape and taking indecent liberties with a child charges.

The issues are whether (I) it was plain error to admit testimony by Dr. Helderman that her diagnosis of the victim was "probable sexual abuse;" (II) the trial court erred in not allowing testimony that the victim's father had been convicted of sexual abuse of the victim's sister in 1985 and that neither the victim's father nor her sister informed police of this during an interview; and (III) submission of the attempted rape charge to the jury was supported by the evidence.

I.

[1] Defendant argues it was error to admit testimony of Dr. Helderman that her diagnosis of the victim was probable sexual abuse. Defendant, however, did not object to this testimony, instead only lodging a general objection to Dr. Helderman's qualifications as an expert witness.

[A]n expert medical witness may render an opinion pursuant to Rule 702 that sexual abuse has in fact occurred if the State establishes a proper foundation, i.e. physical evidence consistent with sexual abuse. . . . However, in the absence of physical evidence to support a diagnosis of sexual abuse, expert testimony that sexual abuse has in fact occurred is not admissible because it is an impermissible opinion regarding the victim's credibility.

*State v. Dixon,* 150 N.C. App. 46, 52, 563 S.E.2d 594, 598, *per curiam aff'd,* 356 N.C. 428, 571 S.E.2d 584 (2002) (citing *State v. Stancil,* 355 N.C. 266, 559 S.E.2d 788 (2002)).

In this case, Dr. Helderman's opinion was based on her examination and the history of the victim as given to her. Dr. Helderman admitted on cross-examination that the abrasions she observed on the introitus were not diagnostic nor specific to sexual abuse. We conclude that this is insufficient physical evidence to support Dr. Helderman's testimony of her diagnosis and opinion that the victim was probably sexually abused. *See id.* at 48-53, 563 S.E.2d at 596-99 (evidence of only non-specific genital irritation insufficient to support opinion of sexual abuse); *see also State v. Trent,* 320 N.C. 610, 614-15, 359 S.E.2d 463, 465-66 (1987) (evidence that hymen was not intact was alone insufficient to support evidence of a diagnosis of sexual abuse). Thus, the trial court erred in admitting this testimony.

Because defendant failed to object or move to strike this testimony, however, we must further determine whether this error amounted to plain error. Under plain error review "the burden is on the defendant to show that 'absent the error the jury probably would have reached a different verdict.' " *State v. Bellamy,* 159 N.C. App. 143, 147, 582 S.E.2d 663, 667 (2003) (quoting *State v. Hartman,* 90 N.C. App. 379, 383, 368 S.E.2d 396, 398-99 (1988)).

Our Supreme Court in a *per curiam* opinion in *Stancil* held that it was not plain error to admit an expert opinion that a victim had in fact been sexually abused absent a proper foundation where there was "overwhelming" evidence of the defendant's guilt. *Stancil,* 355 N.C. at 267, 559 S.E.2d at 789. Although the Supreme Court did not reveal what evidence it relied upon, the prior Court of Appeals opinion in that case noted in addition to testimony of the victim and other corroborating evidence there were two permissible expert opinions that the victim exhibited characteristics consistent with sexual abuse. *State v. Stancil,* 146 N.C. App. 234, 240, 552 S.E.2d 212, 215-16

(2001), *per curiam modified and aff'd*, 355 N.C. 266, 559 S.E.2d 788. Further, there was evidence that the defendant had performed oral sex upon the victim and thus it was unlikely any physical evidence would have been left and that the rape suspect kit returned inconclusive. *Id.* Moreover, the victim in that case continued to show symptoms of having been sexually abused five days after the incident and showed intense and immediate emotional trauma after the incident. *Id.* This Court stated that this evidence was sufficiently "overwhelming," such that any error in admitting the improper expert opinion would not amount to plain error. *Id.* Therefore it is logical to conclude that this was the same overwhelming evidence relied upon by our Supreme Court in reaching its own holding.

In this case, instead of the "overwhelming" evidence of *Stancil*, the only direct evidence for the State was the victim's testimony corroborated by other witnesses. There was no evidence that the victim's behavior or symptoms following the assault were consistent with being sexually abused. The only medical evidence for the State was of abrasions that were not specific to, nor diagnostic of, sexual abuse. Defendant introduced evidence showing that the results of a rape suspect kit were negative, not merely inconclusive, and revealed that the victim had no semen in her or on her clothing and that neither the victim nor defendant had transmitted hairs to each other.

Without the kinds of expert or medical evidence in *Stancil*, the jury in the case *sub judice* would have been left with only the testimony of the victim and corroborative testimony along with evidence of abrasions not necessarily caused by sexual assault. Thus, the central issue to be decided by the jury was the credibility of the victim. We conclude that the impermissible expert medical opinion evidence had a probable impact on the jury's result because it amounted to an improper opinion on the victim's credibility, whose testimony was the only direct evidence implicating defendant. *See State v. O'Connor*, 150 N.C. App. 710, 712, 564 S.E.2d 296, 297, *disc. review denied*, 356 N.C. 173, 567 S.E.2d 144 (2002) (deciding subsequent to *Stancil* that it was plain error to admit expert testimony on the credibility of the victim in a sexual offense case where the State's case was almost entirely dependent on the credibility of the victim and corroboration testimony of others); *compare State v. Wade*, 155 N.C. App. 1, 19-20, 573 S.E.2d 643, 655-56 (2002) (Greene, J. concurring) (two judges concurring that there was no plain error where in addition to testimony of the victim and corroborating testimony, there was evidence of prior sexual assaults by defendant, evidence that victim exhibited

characteristics consistent with sexual abuse, and the victim and defendant had been treated for the same sexually transmitted disease at about the same time).

Furthermore, defendant's acquittal on the completed rape offense and conviction of only attempted rape does not render the admission of this testimony harmless. Dr. Helderman's testimony was that the victim had suffered "probable sexual abuse." Sexual abuse is a broad term that could easily be construed by the jury to include both an assault on the victim in an attempt to rape her as well as the completed offense. *See Black's Law Dictionary*, 10 (7th ed. 1999) (defining "sexual abuse" as "[a]n illegal sex act, esp. one performed against a minor by an adult); *see also The American Heritage College Dictionary*, 1249-50 (3rd ed. 1997) (defining "sexual assault" as "[i]ndecent conduct of a man toward another man, a woman, or a child or of a woman toward a child, accompanied by the threat or danger of physical suffering or injury or inducing fear, shame, humiliation, and mental anguish").

Moreover, defendant was also convicted of taking indecent liberties for the act of fondling the victim's breasts, which a jury may also have reasonably construed as a form of sexual assault or sexual abuse. Thus, the admission of the expert opinion that the victim was diagnosed as having suffered "probable sexual abuse" was plain error and accordingly, defendant is entitled to a new trial. Although we grant defendant a new trial, we nevertheless address two additional assignments of error likely to arise upon retrial of this matter.

II.

We next address defendant's argument that it was error to exclude evidence that (A) the victim's father had been convicted of sexually abusing the victim's sister, and (B) neither the victim's father nor her sister informed the police of that fact in an interview.

A.

**[2]** Defendant contends that the victim's father's prior conviction was admissible as evidence tending to show the victim's father committed the crime and not defendant. We disagree.

"Evidence that another committed the crime for which the defendant is charged generally is relevant and admissible as long as it does more than create an inference or conjecture in this

regard. It must point directly to the guilt of the other party. Under Rule 401 such evidence must tend both to implicate another and [to] be inconsistent with the guilt of the defendant."

*State v. Williams*, 355 N.C. 501, 532, 565 S.E.2d 609, 628 (2002) (emphasis omitted) (quoting *State v. Cotton*, 318 N.C. 663, 667, 351 S.E.2d 277, 279-80 (1987)).

In this case, evidence that the victim's father had been convicted of the sexual assault of the victim's sister in 1985 is insufficient to implicate the victim's father in the sexual assault of the victim in 2002. Nor is the fact that the victim's father was previously convicted of sexual assault almost two decades earlier in a completely different case inconsistent with defendant committing the assault in this case. Thus, the trial court did not err in excluding this evidence as irrelevant.

## B.

**[3]** Defendant also argues that he should have been allowed to impeach the testimony of the victim's father and the victim's sister on the fact that during an interview with the police neither mentioned the prior sexual assault by the victim's father on her sister. "Under the North Carolina Rules of Evidence, a prior statement is considered inconsistent if it fails to mention a material circumstance presently testified to which would have been natural to mention in the prior statement." *State v. Fair*, 354 N.C. 131, 157, 557 S.E.2d 500, 519 (2001). In this case, because the trial court properly excluded evidence of the victim's father's prior conviction it was not testified to at trial and thus there was no inconsistency in the testimony given and the statement made to police. Furthermore, that prior conviction was not a material circumstance to the present investigation and would not naturally have been mentioned during an interview with the police on the facts surrounding the sexual assault in this case.

## III.

**[4]** Defendant next asserts that his attempted rape conviction should be reversed because there was no evidence to support it. He contends instead that the evidence could only support a conviction of the completed rape offense or result in his acquittal on the rape charge as there was no evidence of an attempt. We disagree.

"[I]t is error for the trial court to submit as an alternative verdict a lesser included offense which is not actually supported by any evi-

dence in the case." *State v. Ray,* 299 N.C. 151, 163, 261 S.E.2d 789, 797 (1980). "Instructions on the lesser included offenses of first degree rape are warranted only when there is some doubt or conflict concerning the crucial element of penetration." *State v. Wright,* 304 N.C. 349, 353, 283 S.E.2d 502, 505 (1981).

In this case, although the majority of the victim's testimony was that defendant did in fact penetrate her vagina, there is other evidence in the case that puts the fact of penetration in doubt or conflicts with the victim's testimony. The victim testified in one instance that she was not sure the defendant penetrated her vagina and in reporting the rape to others stated defendant had attempted to rape her. The medical evidence consisted of testimony that the only abnormalities observed were the abrasions to the introitus, located at the opening of the vagina, which were not specific to, nor diagnostic of, sexual abuse. Further, defendant presented evidence that the rape suspect kit revealed that none of defendant's hairs were found on the victim, none of the victim's hairs were found on him, and further no semen was found inside the victim or on her clothes. This is all evidence supporting an attempted rape conviction and the trial court did not err in submitting this charge to the jury and therefore, defendant is not entitled to reversal of his attempted rape conviction.

We nevertheless remand this case for a new trial on the charges of attempted rape and taking indecent liberties with a minor due to the improper admission of Dr. Helderman's opinion testimony. Because we grant defendant a new trial, it is not necessary to address further assignments of error asserting plain error or related to his sentencing hearing.

New trial.

Judges McCULLOUGH and LEVINSON concur.