An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-659

NORTH CAROLINA COURT OF APPEALS

Filed:  1 April 2014

STATE OF NORTH CAROLINA

   v.

JERRY MICHAEL SPARKS

Rockingham County
Nos. 10 CRS 50917-18
     12 CRS 1601

Appeal by defendant from judgments entered 29 August 2012 by Judge Judson D. DeRamus in Rockingham County Superior Court. Heard in the Court of Appeals 23 October 2013.

> *Roy Cooper, Attorney General, by Belinda A. Smith, Special Deputy Attorney General, for the State.*
>
> *Glenn Gerding for defendant-appellant.*

DAVIS, Judge.

Defendant Jerry Michael Sparks ("Defendant") appeals from his convictions of various sex offenses. On appeal, he contends the trial court erred in excluding evidence of third-party guilt. After careful review, we conclude that Defendant received a fair trial free from error.

**Factual Background**

The State presented evidence at trial tending to establish the following facts: Defendant and Sherri Smith ("Ms. Smith"), who were not married, had a daughter, Heather,[1] in 2001. After a tumultuous relationship, the couple separated and entered into a custody dispute involving Heather. Between 2006 and 2009, Defendant had an "off and on" relationship with Krystal Ellison ("Ms. Ellison"), who had a son, Jeff, from a previous relationship. While Defendant and Ms. Ellison were dating, Ms. Ellison lived with Defendant at his trailer, and Jeff lived with his grandmother and step-grandfather, John Clarke ("Mr. Clarke").

During this time, Defendant had a tent in his backyard. Jeff testified at trial about an incident in which he, Heather, and Defendant were present in the tent together and Defendant made Jeff and Heather remove their clothes and "hump" each other while Defendant "humped" Jeff from behind. Jeff further testified after they left the tent, they went inside the trailer and that once inside, Defendant touched Jeff's "butt" with his penis and then made Jeff retrieve soap from the bathroom. Jeff gave Defendant the bathroom soap, and Defendant proceeded to

---

[1] Pseudonyms are used throughout this opinion to protect the privacy of the juveniles mentioned herein.

place the soap on his genitals. After doing so, he began to "hump" Jeff again.

Heather also testified about the incident that occurred inside Defendant's tent. She stated that Defendant put his fingers "up [her] bottom" while she was standing in the tent with Jeff and that afterward, they all went inside the trailer and "got into bed."

Jeff also testified as to other instances in which Defendant "humped" him. On one such occasion, Defendant woke him up and "told [him] to go into the bedroom." Once they were in the bedroom, Defendant placed his hands on Jeff's genitals and "humped" him again.

Defendant was charged with two counts of sexual act with a child and two counts of indecent liberties. This matter came on for trial during the 20 August 2012 Criminal Session of Rockingham County Superior Court. The jury found Defendant guilty of one count of sexual act with a child and two counts of indecent liberties. The trial court consolidated the sexual act with a child offense and one count of indecent liberties and sentenced Defendant to a presumptive range term of 336 to 413 months imprisonment. The trial court also sentenced Defendant to a presumptive range term of 21 to 26 months for the remaining

indecent liberties conviction and a concurrent sentence of 30 days imprisonment for direct criminal contempt with these sentences beginning to run at the expiration of the first sentence. In addition, Defendant was ordered to register as a sex offender and be subject to satellite-based monitoring for life. Defendant gave notice of appeal in open court.

## Analysis

Defendant argues that the trial court erred in excluding evidence that (1) Jeff's step-grandfather, Mr. Clarke, had previously been convicted of molesting a nine-year-old boy, seven-year-old girl, and five-year-old girl; and (2) Jeff told Defendant that Mr. Clarke was "doing stuff to him." Defendant argues that this evidence was relevant to show either that Mr. Clarke, rather than Defendant, committed the crimes for which Defendant was convicted, or that, in the alternative, Jeff's family — knowing Mr. Clarke's history as a sexual offender — created a similar story for Jeff to allege against Defendant. Defendant asserts that the exclusion of this evidence deprived him of his right to present a defense, which includes the right to present relevant evidence tending to show that someone else might have committed the crime with which the Defendant was charged.

The admissibility of evidence suggesting the potential guilt of a third party is governed by the general principle of relevancy set out in Rule 401 of the North Carolina Rules of Evidence. *State v. Bullock*, 154 N.C. App. 234, 241, 574 S.E.2d 17, 22 (2002).

> Evidence that another committed the crime for which the defendant is charged generally is relevant and admissible as long as it does more than create an inference or conjecture in this regard. It must point directly to the guilt of the other party. Under Rule 401 such evidence must tend *both* to implicate another *and* be inconsistent with the guilt of the defendant.

*State v. Cotton*, 318 N.C. 663, 667, 351 S.E.2d 277, 279-80 (1987) (internal citations omitted). However,

> evidence which tends to show nothing more than that someone other than the accused had an opportunity to commit the offense, without tending to show that such person actually did commit the offense and that therefore the defendant did not do so, is too remote to be relevant and should be excluded.

*State v. Brewer*, 325 N.C. 550, 564, 386 S.E.2d 569, 576 (1989) (citation and quotation marks omitted), *cert. denied*, 495 U.S. 951, 109 L.Ed.2d 541 (1990).

Our decision in *State v. Couser,* 163 N.C. App. 727, 594 S.E.2d 420 (2004), is instructive. In *Couser*, the defendant was charged with attempted statutory rape of a minor and taking

indecent liberties with a child. At trial, the defendant sought to introduce evidence that the victim's father had previously been convicted of sexually abusing the victim's sister and that this evidence tended to show that the victim's father, not the defendant, had committed the crime. *Couser*, 163 N.C. App. at 732, 594 S.E.2d at 424 (2004). This Court held that evidence regarding the prior conviction of the victim's father was properly excluded, as it was insufficient to implicate him in the sexual assault for which the defendant had been convicted. *Id*. at 733, 594 S.E.2d at 424.

Similarly, we conclude in the present case that the trial court did not err in ruling that Mr. Clarke's previous convictions were not relevant because this evidence did not directly implicate him in the sexual acts against Jeff. Moreover, we believe that such evidence would not have been inconsistent with Defendant's own guilt. Evidence that Mr. Clarke may have also sexually abused Jeff would not necessarily be inconsistent with Defendant also abusing him. This is particularly so in light of Jeff's testimony that Defendant (1) made Jeff and Heather "hump" each other; (2) "humped" Jeff from behind; (3) touched Jeff's "butt" with his penis; and (4) made

Jeff get soap from the bathroom, which Defendant placed on his penis and then "humped" Jeff again.

Evidence that Mr. Clarke has prior convictions of sexual offenses does no more than establish conjecture that (1) Mr. Clarke committed sexual assaults against Jeff; or (2) Jeff's family concocted a fictitious story of sexual abuse concerning Defendant. Therefore, the trial court did not err in excluding this evidence.

Defendant also contends that the trial court erred in not allowing Defendant to testify that Jeff "reported" to Defendant that his "Papa"[2] was "doing stuff to him." Defendant argues that this is direct evidence against Mr. Clarke that points "directly to another's guilt" and was, therefore, admissible. However, in addition to the fact that neither Jeff nor Heather testified that Mr. Clarke ever touched them inappropriately, the fact that, according to Defendant, Jeff may have reported to Defendant on one occasion that Mr. Clarke was "doing stuff to him" does not exculpate Defendant; such an allegation, even if true, could have meant that Jeff was sexually abused by *both* Defendant and Mr. Clarke. Therefore, we cannot say that the

---

[2] Testimony was offered at trial to the effect that "Papa" was the name that Jeff used for Mr. Clarke.

trial court committed reversible error in excluding this evidence.

Defendant also asserts that his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated by the trial court's denial of his request to introduce evidence regarding the third-party guilt of Mr. Clarke. Although Defendant asserted at trial a violation of his Sixth Amendment right to confront witnesses, he has failed to make a specific argument on this issue in his brief, and – as such – this argument is deemed abandoned. *See* N.C.R. App. P.28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

Defendant concedes that his remaining constitutional arguments were not raised at trial. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal, not even for plain error." *State v. Jones*, 216 N.C. App. 225, 230, 715 S.E.2d 896, 900-01 (2011) (citation and quotations marks omitted). Therefore, these issues are not properly before us.

**Conclusion**

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges ELMORE and McCULLOUGH concur.

Report per Rule 30(e).