STATE OF NORTH CAROLINA v. KENNETH O. COBLE

No. 8226SC980

(Filed 16 August 1983)

1. **Criminal Law § 89.1— truthfulness of witness—opinion testimony**
   The trial court erred in permitting a State's witness to state her opinion that another State's witness was a truthful person.

2. **Criminal Law § 89.2— evidence competent for corroboration**
   In a prosecution of a nursery school teacher for taking indecent liberties with a four year old child wherein defendant contended that he touched the child only to determine whether he had urinated in his pants, the trial court erred in refusing to permit a defense witness to testify for corroborative pur-

poses concerning the duties of a teacher to determine whether a child has urinated in his pants, the frequency with which such events occur with four and five year old children, and the duties of a teacher for maintaining the cleanliness of a child after such an "accident."

APPEAL by defendant from *Howell, Judge.* Judgment entered 24 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 March 1983.

Defendant, Kenneth O. Coble, was charged in a Bill of Indictment with feloniously taking or attempting to take immoral, improper and indecent liberties with Scott Anthony Jordan, who was under the age of 16 years at the time on 8 June 1981. Defendant was arraigned, entered a plea of not guilty and was brought to trial upon the charges. From a jury verdict of guilty of taking indecent liberties with a child, and a subsequent judgment of five years imprisonment, the defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Haynes, Baucom, Chandler, Claytor & Benton, P.A., by W. J. Chandler, for defendant appellant.*

JOHNSON, Judge.

The evidence at trial tended to show that in June of 1981, defendant, Kenneth O. Coble, was a teacher for four and five year old children at the Raggedy Ann and Andy Nursery in Charlotte, North Carolina. He had been employed there for about eight months and had held similar jobs since June of 1973. Coble holds degrees in child development and human services. The duties of his employment at the school required total and constant supervision of the children under his care.

On 1 June 1981, Kim Abernathy was hired to be an assistant in Coble's class of the four and five year old children. On 8 June 1981, after usual morning activities, Ken Coble's class was combined with another class of children for the afternoon nap following lunch. Both Kim Abernathy and Ken Coble were assigned to supervise the sleeping children. The area in which the classes had been combined for nap time was a regular classroom area. There were 38 to 40 children sleeping on mats on the floor and Kim

Abernathy and Ken Coble were sitting in the front of the room, no more than five or six feet from one another.

At approximately 2:15 p.m., Scotty Jordan, age four, awoke and arose from his mat. Scotty Jordan then walked a short distance to where the defendant Ken Coble was seated in his chair, reading, which was about five feet away from Kim Abernathy.

Kim Abernathy testified for the State that Ken Coble had called Scotty over to him, picked him up and put him on his lap; that Scotty was facing Coble and at first Coble was rubbing Scotty's back; that Coble had kissed Scotty on the neck and then rubbed Scotty's pants in the area of his penis for about 10 seconds. According to Ms. Abernathy, her jaw dropped as she observed this and Coble, seeing her reaction, stopped rubbing Scotty, put him down and told him to "Go back to your mat." Kim Abernathy testified that she was shocked, left the room, became hysterical, and reported the incident to Vicki Jones, the director of the day care center.

Vicki Jones testified for the State that on the day of the incident, Kim Abernathy came into the director's office in a hysterical condition and reported that she had seen Coble rubbing Scotty's penis. Ms. Jones then called Coble into her office and promptly asked for his resignation. About a month later, Ms. Jones talked to an Officer Layton of the police department about the incident. On cross-examination, Vicki Jones stated that Kim Abernathy had been at work at the school for five or six days when the incident occurred. Ms. Jones admitted that the only investigation she made of Ms. Abernathy's background before hiring her was to read her application; that she didn't call any of her previous employers to ask if Kim Abernathy was a truthful person, competent to do the job. On re-direct examination, and over defendant's objection, the State elicited Vicki Jones' opinion as to whether or not Kim Abernathy is a truthful person.

Defendant testified on direct examination that it was part of his duty as a teacher to determine whether or not a child had urinated in his or her pants and it was for that purpose that he felt the clothes of Scott Jordan on 8 June 1981. Specifically, defendant testified that the day of the incident had been a warm one and that when Scotty woke up from his nap his hair was wet

from sweating. Defendant observed Scotty bothering another child and called Scotty to sit on his lap. That when Scotty sat down, defendant noticed that he was wet from perspiration; defendant then put his hand on Scotty's legs and noticed that he was damp. Defendant testified further that he reached down with the back of his hand and rubbed Scotty's pants once to see if he was wet and smelled his hand to see if it had the odor of ammonia, but it didn't; that he asked Scotty if he wet himself and then told Scotty that if he would lay back down on his mat, defendant would let him help with the snack that day. Whereupon Scotty got off defendant's lap and returned to his mat.

Defendant also called Kay Solomon, area supervisor for Raggedy Ann and Andy Schools, for the purpose of testifying as to the duties of a teacher, including Ken Coble, to determine whether a child had urinated in his pants, the frequency with which such events occurred with four and five year old children, and the duties of a teacher for maintaining the cleanliness of a child after such "an accident." However, the defendant's questions on these matters were disallowed by the court. In addition, defendant's question propounded to Marie Davidson, the owner of the Raggedy Ann and Andy Schools and defendant's employer, regarding whether defendant's performance of his duty as a teacher had been satisfactory, was also disallowed.

Prior to the State's presentation of its evidence, the court conducted a *voir dire* hearing and determined that Scott Jordan, age four at the time of the incident and age five at the time of trial, was competent to testify. However, because of the many confused and conflicting replies to specific questions given by the child, the court stated that it was uncertain at that time if the witness could give the jury sufficient facts to assist them in reaching a decision. When the child was later placed on the witness stand, he reacted adversely to the examination process and the court instructed the jury to disregard the testimony of the child at any time during the trial as irrelevant.

Defendant noted 37 exceptions in the record and in his brief presented 11 questions for review. However, we need not address all of the errors assigned by defendant as he is clearly entitled to a new trial on the basis of the court's erroneous admission of the opinion evidence of one State's witness regarding the veracity of

another State's witness and the court's erroneous exclusion of testimony defendant sought to present that was corroborative of his version of the incident for which he was charged and tried.

Kim Abernathy was the State's sole eyewitness to the events in Ken Coble's classroom on the afternoon of 8 June 1981. Taken as a whole, Kim Abernathy's testimony formed the core of the State's evidence that defendant touched the child for the purpose of gratifying his sexual desires. The basis of the defense that defendant attempted to present is that he touched the child to determine whether he had urinated in his pants while napping. Thus, the evidence on one of the essential elements of the offense of taking indecent liberties with a child was directly in conflict, and the credibility of the witnesses of crucial importance.

[1] Defendant correctly assigns as error the question propounded to State's witness, Vicki Jones. On re-direct examination, Ms. Jones was asked,

> Based on your observation of Ms. Kim Abernathy in the course of your dealings with her at Raggedy Ann and Andy Day Care Center, do you have an opinion satisfactory to yourself as to whether or not she is a truthful person?

Over the defendant's objection, the witness answered, "Yes," and in response to a further question responded, "I think she's very truthful."

The credibility of a witness is a matter for the jury to decide. Although evidence of Ms. Abernathy's character for truth and veracity is relevant to her credibility as a witness, such character may not be proved by means of the opinion of those who know her. It is well established that a witness, offered to prove the character of another person, may not testify as to his personal opinion concerning the character of such other person, but is limited to testimony concerning the reputation of such person in the community. *State v. Barbour,* 295 N.C. 66, 243 S.E. 2d 380 (1978); *Johnson v. Massengill,* 280 N.C. 376, 186 S.E. 2d 168 (1972); 1 Brandis on N.C. Evidence, § 110 (2d Rev. Ed. 1982); 13 Strong, N.C. Index 3d, Witnesses, § 5.2, p. 541. Therefore, it was error to admit evidence of Ms. Jones' personal opinion as to Ms. Abernathy's character for truth and veracity. The court's erroneous ruling on this matter cannot be considered harmless in light of

the fact that defendant was effectively precluded from presenting his defense by the court's erroneous exclusion of testimony defendant sought to elicit from Kay Solomon, concerning the sanitary needs and habits of the four and five year old children at the day care center. The combined effect of these rulings was to bolster the State's version of the events while simultaneously circumscribing the defendant's version.

[2] Ms. Solomon was permitted to testify that teachers must attend to everything for the children, including washing and cleaning them if they wet their pants. However, defendant was not permitted to question Ms. Solomon as to the frequence — i.e. the likelihood — of these "accidents" occurring with four and five year old children, nor whether it was defendant's specific responsibility to determine whether or not a child had wet in his pants, rather than waiting for the child to so indicate. The purpose for which defendant rubbed Scotty's pants is a crucial issue in the determination of defendant's guilt or innocence of the offense with which he was charged. The evidence excluded was obviously material and competent as corroborative of the defendant's version of the incident. The court's exclusion of this evidence was prejudicial error severely hampering defendant's ability to present his defense on this crucial issue, for which defendant is entitled to a new trial. We do not address defendant's other assignments of error as they may not recur upon retrial.

New trial.

Judges WELLS and HILL concur.