STATE OF NORTH CAROLINA v. MICHAEL REYSHAWN DAVIS

No. COA07-648

(Filed 5 August 2008)

1. **Appeal and Error— record—exhibit not included—argument abandoned**

    Defendant's failure to include a video as an exhibit to the record on appeal and to record it in the trial transcript meant that he abandoned his argument concerning admission of the videotaped interview with a child.

2. **Evidence— corroborative—interview with child—questions asked and background information**

    A report from a clinical social worker concerning the victim of statutory rape and indecent liberties was not rendered noncorroborative of the child's testimony because it contained questions posed to the child, as well as some background information. The jury needed to hear the questions to comprehend the child's prior statements, and the background information was relevant to understand the nature and purpose of the interview.

3. **Evidence— opinion of child's credibility—admission not plain error**

    Statements in the report of a clinical social worker vouching for the credibility of a victim of statutory rape and indecent liberties should not have been admitted, but there was no plain error because the jury could assess for itself from other evidence the credibility of the child and there was not a reasonable probability of a different result without the conclusory statement.

4. **Appeal and Error— preservation of issues—necessity of assignment of error and supporting authority**

    Arguments on appeal were not properly before the appellate court where the issues were not assigned as error or supported by authority.

**5. Evidence— state of mind—child victim of sexual assault**

The trial court did not err by admitting evidence of the state of mind of a child victim of indecent liberties and statutory rape. Evidence of her state of mind, including fear, was relevant to whether she had been sexually abused. Defendant cited no authority for the contention that the probative value was outweighed by the danger of prejudice.

**6. Evidence— state of mind—mother of child victim**

Admission of evidence that the mother of a child victim of statutory rape and indecent liberties did not believe her accusations was not plain error.

**7. Evidence— relevance—child victim of sexual assault—treatment plan**

The trial court did not abuse its discretion in a prosecution for statutory rape and indecent liberties by admitting testimony about the victim's therapy and treatment plan. The evidence was relevant to show that the victim had suffered trauma, and defendant cross-examined the victim about her therapy.

**8. Evidence— social workers—reasons children delay reporting abuse—collateral to this case**

Evidence from social workers about the reasons children do not report sexual abuse was collateral in a case in which the victim reported the abuse in question the day after it occurred. Moreover, defendant did not demonstrate prejudice.

**9. Evidence— generally emotional subject—prejudice not shown**

A defendant in a prosecution for statutory rape and indecent liberties did not show prejudice from certain evidence with a generalized argument that the evidence was highly emotional and likely to inflame the jury.

**10. Jury— out-of-state juror—not challenged—issue not preserved for review**

Defendant did not preserve for review the issue of seating a juror who had moved out-of-state where he did not move to have the juror excused for cause, object to the juror, or use one of his peremptory challenges to excuse him.

STATE v. DAVIS

[191 N.C. App. 535 (2008)]

Appeal by defendant from judgment entered 12 January 2007 by Judge Henry W. Hight in Durham County Superior Court. Heard in the Court of Appeals 14 January 2008.

*Attorney General Roy A. Cooper III, by Assistant Attorney General Chris Z. Sinha, for the State.*

*Reita P. Pendry for defendant-appellant.*

STEELMAN, Judge.

Where the admission of certain pieces of evidence by the trial court did not constitute plain error, a new trial is not warranted. Where defendant failed to follow the statutory procedure for challenging an allegedly unqualified juror, defendant has failed to preserve the issue for appellate review.

## I.  Factual and Procedural Background

In August of 2005, K.T., aged 10, lived in Durham with her mother, younger brother D.T., younger sister N.T., and her mother's boyfriend, Michael Rayshawn Davis (defendant). K.T.'s mother worked as a receptionist, arriving home at 6:00 or 6:15 p.m. K.T. and D.T. would arrive home from school around 4:00 p.m. At that time, defendant and N.T. would be at home.

On 29 August 2005, when K.T. and D.T. arrived home, defendant was there. Defendant asked K.T. to come into the bedroom. K.T. went into the bedroom. The door was closed and defendant asked her if she wanted "to play," which meant that he wanted to have sex. This was a regular demand made by defendant of K.T. When K.T. attempted to avoid defendant's advances, defendant told her to "just do it," pulled off his pants, and forced her to perform oral sex. Defendant left for work 30 minutes before K.T.'s mother arrived.

The following day, 30 August 2005, defendant once again called K.T. into the bedroom and asked her "if she wanted to play." Defendant then engaged in vaginal intercourse with her. K.T. was wearing a skirt, and defendant's semen got on the skirt. On the following day, K.T. told one of her teachers what had occurred. She repeated the story to the principal and a school counselor. K.T.'s mother was summoned to the school, and arrived with defendant. K.T., together with her mother and defendant, left the school together and went to Durham Regional Hospital, where K.T. was given a physical examination and hair samples were collected. Defendant con-

sented to DNA testing. K.T.'s mother consented to police searching the residence and taking possession of K.T.'s clothing.

Following the laboratory testing of the DNA samples and clothing, defendant was charged with one count of statutory rape of a child under 13 years old, one count of first-degree sex offense, and two counts of indecent liberties with a child. On 12 January 2007, the jury found defendant guilty of statutory rape and one count of indecent liberties with a child. He was found not guilty of the remaining two charges. Defendant was sentenced to a minimum of 288 months and a maximum of 355 months imprisonment. Defendant appeals.

## II. Plain Error Standard of Review

With respect to defendant's first two arguments, he failed to object at trial to the matters now raised on appeal, and contends that these arguments are subject to plain error review.

In order to establish plain error "[d]efendant must show that the error was so fundamental that it had a probable impact on the result reached by the jury." *State v. Campbell*, 340 N.C. 612, 640, 460 S.E.2d 144, 159 (1995) (citation omitted). "Plain error is error 'so fundamental as to amount to a miscarriage of justice or probably resulted in the jury reaching a different verdict than it otherwise would have reached.'" *State v. Hannah*, 149 N.C. App. 713, 720, 563 S.E.2d 1, 6 (2002) (quotation omitted). Plain error review is limited to evidentiary rulings and jury instructions. *State v. Atkins*, 349 N.C. 62, 81, 505 S.E.2d 97, 109-10 (1998).

## III. Admission of Prior Statements

In his first argument, defendant contends that the trial court committed plain error in admitting evidence of K.T.'s out-of-court prior statements to other persons who testified at trial. We disagree.

We first note that this argument purports to encompass four different assignments of error, which reference "fifteen State's witnesses." However, in his brief, defendant only argues with respect to statements contained in State's exhibits 18 and 19. Assignments of error not argued in a defendant's brief are deemed abandoned, N.C. R. App. P. 28(b)(6), and we limit our analysis to defendant's arguments pertaining to State's exhibits 18 and 19.

State's exhibit 18 was a videotape of an interview of K.T. by Jeanne Arnts, a clinical social worker in the Department of Psychiatry at Duke University Medical Center and an employee of the Center

for Child and Family Health in Durham. State's exhibit 19 was the medical report of the evaluation of K.T. on 1 September 2005. This report consisted of two parts: first, the physical examination of K.T. conducted by Dr. Edith Kocis; and second, the physchosocial examination conducted by Jeanne Arnts. The second part contained a detailed summary of the videotaped interview, as well as a treatment plan and recommendations for K.T.

State's Exhibit 18

**[1]** Defendant initially contends that State's exhibits 18 and 19 are "primarily out of court statements of Jeanne Arnts," are not corroborative of the testimony of K.T., and were therefore not admissible as hearsay.

We note that State's exhibit 18, the videotaped interview of K.T., was not included as an exhibit to the record on appeal and was not recorded on the trial transcript. It is the duty of the appellant to ensure that all documents and exhibits necessary for an appellate court to consider his assignments of error are part of the record or exhibits. *State v. Berryman*, 360 N.C. 209, 216, 624 S.E.2d 350, 356 (2006). We will not attempt to divine what was on the videotape, and deem any argument as to State's exhibit 18 to be abandoned. N.C. R. App. P. 9(a), 28(b)(6). To the extent that the videotaped interview was summarized in State's exhibit 19, we consider defendant's argument below.

State's Exhibit 19

**[2]** State's exhibit 19 contained a summary of questions posed by Arnts and K.T.'s answers to those questions. It also contained Arnts' summary of K.T.'s age, academic levels, cognitive abilities, and demeanor during the interview. It further summarized the admonitions given to K.T. at the outset of the interview that it was part of the doctor's office, and that it was important for K.T. to tell the truth. Appended to the report was K.T.'s handwritten statement of what occurred:

> He made me give him orral [sic] sex on Tuesday of this week. Monday he put his penis in my vagina. On tuesday I was wearing blue jean pants and a baby phat shirt. Monday I was wearing a pink and jean 3 layer skirt[.] I forgot what kind of shirt I had on. When he took his penis out wet stuff got on my skirt. On tuesday the wet stuff got in my mouth[.] I spit it out immediantly [sic]. Then I went in the bathroom and started crying.

A Trauma Symptom Checklist for Children was completed by K.T. However, it was invalidated by K.T. overresponding to items on the test. K.T. expressed suicidal ideations.

Finally, the report disclosed that Dr. Kocis interviewed K.T.'s mother, who was adamant that "she did not believe [K.T.]'s report of sexual abuse," and that K.T. had made similar allegations against her former boyfriend. The mother stated that K.T. had made the allegations because she was upset with the domestic violence between defendant and the mother. The report concluded that K.T. had provided a "credible disclosure of sexual abuse."

### State's Exhibit 19: Arnts' Statement

The fact that the report contained questions posed by Arnts and some background material regarding the interview does not render the report non-corroborative of K.T.'s testimony. Prior consistent statements are admissible to corroborate a witness's testimony and may contain new or additional facts not referred to in the witness's testimony so long as such facts tend to add weight or credibility to the testimony. *State v. Williams*, 355 N.C. 501, 566, 565 S.E.2d 609, 647 (2002). A prior statement that is substantially similar to testimony at trial is admissible if it has a tendency to strengthen or confirm the witness's testimony, even if there are slight variations in the prior statement. *State v. McCord*, 140 N.C. App. 634, 657, 538 S.E.2d 633, 647 (2000).

For the jury to comprehend K.T.'s prior statements, they needed to hear the questions posed by Arnts. Further, the background information at the beginning of the interview, and the admonitions to K.T. about the purpose of the interview, while not specifically corroborative of K.T.'s testimony, were relevant in order for the jury to understand the nature and purpose of Arnts' interview. *See In re Mashburn*, 162 N.C. App. 386, 392, 591 S.E.2d 584, 589 (2004).

### State's Exhibit 19: Conclusion by Arnts

[3] While defendant argues that statements in the report by Arnts were "improper bolstering" of K.T.'s testimony, no cases are cited by defendant in support of this argument.

Nevertheless, a review of North Carolina case law reveals that expert opinion as to the credibility of a child victim in a sexual offense prosecution is inadmissible in the absence of physical evidence supporting a diagnosis of abuse. *See, e.g., State v. Bush*, 164 N.C. App. 254, 258, 595 S.E.2d 715, 718 (2004); *State v. Stancil*, 355

N.C. 266, 266-67, 559 S.E.2d 788, 789 (2002); *State v. Ewell*, 168 N.C. App. 98, 102-03, 606 S.E.2d 914, 918-19, *disc. review denied*, 359 N.C. 412, 612 S.E.2d 326, 612 S.E.2d 327 (2005); *State v. Couser*, 163 N.C. App. 727, 729-30, 594 S.E.2d 420, 422-23 (2004).

Accordingly, admission of Arnts' statement was error as·it improperly vouched for K.T.'s credibility. However, on the facts of the instant case, we hold that admission of this statement did not constitute plain error.

In *State v. Hammet*, the North Carolina Supreme Court held that it is not plain error for an expert witness to vouch for the credibility of a child sexual abuse victim where the case does not rest solely on the child's credibility. *State v. Hammet*, 361 N.C. 92, 97-99, 637 S.E.2d 518, 522-23 (2006).

In the instant case, in addition to K.T.'s consistent statements and testimony that defendant had abused her sexually, the jury was able to consider properly admitted evidence of defendant's sperm found on K.T.'s skirt, as well as his bizarre explanation of how it got there. The jury also heard the testimony of K.T. in the courtroom and viewed the videotape of her interview with Arnts. The jury could therefore assess for themselves the credibility of K.T. Thus, while Arnts' statement vouching for K.T. was improper, there is not a reasonable probability that the result in this case would have been different had the conclusory statement in the report been excluded, and the admission of the statement did not constitute plain error.

### Failure of Trial Judge to Instruct on Corroboration

[4] Defendant argues that the trial court failed to instruct the jury on how to consider K.T.'s out-of-court statements. However, defendant failed to assign this as error, and thus it is not properly before this Court. N.C. R. App. P. 10(a) (2008).·

### Cumulative Effect of Evidence

Defendant argues that "[e]ven if the prior statements and exhibits were individually properly admissible as corroborative evidence, their sheer numbers make them cumulative and prejudicial." We note that defendant cites no authority for this argument. N.C. R. App. P. 28(a) (2008). Further, in light of our previous ruling limiting our review of defendant's argument to State's exhibit 19, this argument is without merit.

Defendant's first argument is without merit.

## IV. Admission of Additional Evidence

In his second argument, defendant contends that the trial court committed plain error in admitting certain pieces of evidence on the grounds that the evidence was irrelevant and highly prejudicial. We disagree.

N.C. Gen. Stat. § 8C-1, Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* Pursuant to N.C. Gen. Stat. § 8C-1, Rule 403, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* "Unfair prejudice has been defined as 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' " *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986) (quoting commentary to N.C.R. Evid. 403). The decision to exclude evidence under Rule 403 is a matter within the discretion of the trial court. *Id.* "[E]ven though a trial court's rulings on relevancy technically are not discretionary . . . such rulings are given great deference on appeal." *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991) (citation omitted).

## Evidence of K.T.'s State of Mind

**[5]** Defendant contends that the trial court committed plain error by admitting evidence of K.T.'s state of mind, including her fear that defendant would abuse her younger sister, her fear that defendant would kill her, evidence that she slept with a knife under her pillow, and evidence that she had a nightmare about defendant killing her family.

The issue before the jury was whether K.T. had been sexually abused by defendant. Evidence of K.T.'s state of mind, including her fear of defendant, was relevant to this issue. Further, defendant cites no authority, and we find none, that suggests that the trial court acted outside the bounds of reason in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. We accordingly hold the trial court did not commit error, much less plain error, in admitting evidence concerning K.T.'s state of mind.

## Evidence of K.T.'s Mother's State of Mind

**[6]** Defendant next contends that evidence that K.T.'s mother did not believe her accusations was irrelevant and unduly prejudicial.

Although defendant contends that the evidence was improperly admitted, a review of the transcript in this case reveals that defendant made use of the contested evidence at trial during his closing argument. We fail to see how admission of evidence that K.T.'s mother did not believe K.T.'s testimony was plain error.

## Evidence of Treatment Plan

**[7]** Defendant argues that testimony about the treatment plan developed for K.T. and evidence that she was attending therapy sessions at the time of the trial was irrelevant and highly prejudicial.

We hold that evidence of K.T.'s therapy and treatment plan was relevant to show that she had suffered trauma. This made the issue regarding defendant's sexual abuse of her more likely to be true, and we hold that this evidence was relevant. Additionally, a review of the transcript reveals that defendant questioned K.T. on cross-examination about her therapy.

Defendant cites no authority, and we find none, that suggests that the trial court abused its discretion in admitting this evidence. The admission of this evidence was not error, much less plain error.

## Background Information on Child Sexual Abuse

**[8]** Defendant argues that the testimony from social workers regarding the reasons children do not report incidents of sexual abuse "was not offered to meet any challenge by the defense" and should have been excluded under Rules 401 and 403.

We note that K.T. reported the abuse which is the subject of the instant case on the day after it occurred. Evidence regarding delays in child reporting of sexual abuse pertained solely to earlier incidents of alleged abuse, and was collateral to the crimes for which defendant was being tried. Moreover, defendant has failed to demonstrate prejudice from its admission.

## State's Exhibits 18 and 19

**[9]** Defendant next argues that the background information contained in State's exhibits 18 and 19 should have been excluded as irrelevant and prejudicial.

Defendant acknowledges that potions of these exhibits were admissible as corroborating evidence, but contends that those portions which were admissible were "so intertwined with inadmissible portions that the entire exhibits should have been excluded."

As previously discussed, the background information in exhibit 19 was relevant for the jury's understanding of the nature and purpose of Arnts' interview. Further, defendant has failed to show how he suffered prejudice from the admission of this evidence, apart from his generalized argument that "[t]he evidence was of a highly emotional nature, likely to inflame the jury."

### Expert Testimony Regarding K.T.'s Credibility

Defendant argues that it was improper for the State's expert witness to mention K.T.'s credibility. As previously discussed, the admission of this evidence did not constitute plain error.

We hold that defendant's second argument is without merit.

### IV.  Alleged Non-resident Juror

**[10]** In defendant's third argument, he contends that the trial court committed plain error in allowing a juror that was not a resident of Durham County to sit on the jury. We disagree.

We first note that plain error review is limited to evidentiary rulings and jury instructions. *See Atkins*. It is not applicable to jury selection issues.

During the jury selection, one of the jurors stated that he had moved to Richmond, Virginia. Defendant did not move to have the juror excused for cause, nor did he object to the juror or use one of his peremptory challenges to excuse him.

Defendant cites N.C. Gen. Stat. § 9-3 and Sections 19 and 24 of Article I of the North Carolina Constitution for the proposition that a juror must be a resident of the State in order to be qualified to serve as a juror. Defendant argues that he is entitled to a new trial due to this alleged error.

Constitutional issues must be raised at trial. *State v. Tirado*, 358 N.C. 551, 571, 599 S.E.2d 515, 529 (2004). Since defendant failed to raise these issues at trial, he has waived appellate review based on constitutional grounds. *See id.*

N.C. Gen. Stat. § 9-3 provides "[a]ll persons are qualified to serve as jurors and to be included on the jury list who are citizens of the

State and residents of the county, . . . Persons not qualified under this section are subject to challenge for cause."

Ordinarily, alleged statutory violations do not require an objection at trial in order to be preserved for appellate review. *Id.* However, N.C. Gen. Stat. § 9-3 specifically provides that persons not qualified to be jurors are subject to challenge for cause. N.C. Gen. Stat. § 9-3. If defendant believed that the juror was not qualified, his sole recourse under the statute was to challenge the juror for cause. Having failed to do so at trial, he has not preserved the issue for appellate review. *See id.* at 571, 599 S.E.2d at 529-30.

We hold that defendant's third argument is without merit.

NO PREJUDICIAL ERROR.

Chief Judge MARTIN and Judge STEPHENS concur.