STATE OF NORTH CAROLINA
v.
CHARLES IRA ARRINGTON
No. COA08-1355
Court of Appeals of North Carolina
Filed July 21, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General I. Faison Hicks, for the State.
Greene & Wilson, P.A., by Thomas Reston Wilson, for Defendant-Appellant.
McGEE, Judge.
Charles Ira Arrington (Defendant) was indicted for felony fleeing to elude arrest and driving while license revoked on 10 December 2007. Defendant was found guilty by a jury of felony fleeing to elude arrest on 30 July 2008. Following the verdict, Defendant pleaded guilty to having attained habitual felon status. The trial court sentenced Defendant to a term of 127 to 162 months in prison. Defendant appeals.
The State's evidence at trial tended to show that at approximately 1:00 a.m. on 16 September 2007, Lieutenant L.J. Burch (Lt. Burch) of the Halifax County Sheriff's Department, was driving an unmarked patrol car on Highway 48. Major Bruce Temple (Major Temple) of the Halifax County Sheriff's Department, was a passenger in the patrol car. Lt. Burch testified that he saw a gray Cadillac, with only its parking lights on, backing up in the parking lot of a grocery store that he knew had been associated with prior complaints of drug activity. The Cadillac pulled onto Highway 48 and proceeded to drive behind Lt. Burch's patrol car. Lt. Burch testified the Cadillac was occupied only by the driver, and he saw the driver overcorrect on a turn and cross the center line.
After seeing the Cadillac cross the highway's center line a second time, Lt. Burch decided to stop the Cadillac to see if the driver was intoxicated. Lt. Burch entered a horseshoe driveway, re-entered the highway and drove behind the Cadillac. He observed the Cadillac run a stop sign when pulling onto Highway 125. Lt. Burch followed the Cadillac onto Highway 125, activated his blue lights, and temporarily sounded his siren. The driver accelerated and Lt. Burch chased the Cadillac down Highway 125 with his blue lights and siren activated. Major Temple radioed his dispatch that they were in a high-speed chase with the Cadillac. The Cadillac was traveling at a speed of eighty miles per hour in a forty-five mile per hour zone. Lt. Burch never lost sight of the Cadillac. The Cadillac turned onto Three Bridges Road and accelerated to 105 miles per hour. Major Temple again radioed for assistance. Lt. Burch saw a marked patrol car with its blue lights activated on the side of the road. Major Temple radioed to the driver of the marked patrol car, Deputy Joseph Sealy (Deputy Sealy) of the Halifax County Sheriff's Department, to take over as the primary pursuer.
The marked patrol car, with its blue lights and siren activated, took over as the primary pursuer and Lt. Burch followed. Deputy Sealy never lost sight of the Cadillac during the chase, which reached speeds of 125 miles per hour. A third patrol car driven by Sergeant Gregory Richardson (Sgt. Richardson) of the Halifax County Sheriff's Department, joined in the chase. The Cadillac drove into a residential driveway, through two yards, and emerged out of a second driveway onto Highway 158, still being pursued by the patrol cars. The patrol cars followed the Cadillac onto Bass Lane and onto a driveway that led to an abandoned house, where the vehicles came to a stop in the yard.
After the Cadillac came to a stop, Deputy Sealy observed the driver throw a glass bottle from the car, and then saw the driver's face after he exited the Cadillac. At trial, Deputy Sealy identified Defendant as the driver he saw exit the Cadillac. Deputy Sealy chased the driver on foot between 100 to 150 yards, until the driver hit a tree and fell to the ground. Sgt. Richardson conducted a visual search of the Cadillac, and saw no other occupant. When Sgt. Richardson reached Deputy Sealy, who was attempting to handcuff Defendant, Defendant was lying face-down with his hands under his stomach. Sgt. Richardson recognized Defendant and said, "Charles, you know better," after which Defendant allowed himself to be handcuffed.
Defendant's cousin, Alvin Arrington (Alvin), testified for Defendant at trial that he was in the Cadillac during the chase and that Defendant was a passenger, and not the driver. Jackie Putney, Jr. (Putney) testified that he, Defendant, and Gilbert Flemming were passengers in the Cadillac, and that Alvin was the driver. Putney also testified that he exited the Cadillac when Alvin drove through a residential yard. Defendant did not testify at trial.
The jury deliberated for about an hour and informed the trial court that they were unable to render a unanimous verdict. Pursuant to N.C. Gen Stat. § 15A-1235(c), the trial court instructed the jury that they should continue deliberating and attempt to reach an agreement. See also Allen v. United States, 164 U.S. 492, 41 L. Ed. 528 (1896). The jury returned a unanimous guilty verdict after about one and a half hours of additional deliberation.

I.
In Defendant's first argument, he contends that the trial court erred by instructing the jury, pursuant to N.C. Gen. Stat. § 15A-1235(c), to continue deliberating after the jury reported it was deadlocked following an hour of deliberation. We disagree.
Defendant did not object when the trial court instructed the jury to continue deliberating, but he contends that the instruction constituted an abuse of discretion and coerced a guilty verdict from the jury. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1); see also State v. Valentine, 357 N.C. 512, 525, 591 S.E.2d 846, 857 (2003).
Because Defendant failed to object to the instruction at trial, he has not preserved this issue for appellate review. See N.C.R. App. P. 10(b)(1). Furthermore, Defendant has waived his right to plain error review, as he failed to argue in his brief that the contested instruction constituted plain error. N.C.R. App. P. 10(c)(4); see also State v. Moore, 132 N.C. App. 197, 2000-1, 511 S.E.2d 22, 25 (1999). This argument is without merit.

II.
Defendant contends in his second argument that the trial court committed plain error by allowing Sgt. Richardson's testimony that he told Defendant, while the officers attempted to handcuff Defendant, "Charles, you know better." We disagree.
Defendant did not object to the testimony at trial, but he argues Sgt. Richardson's testimony constitutes plain error.
In order to establish plain error "[d]efendant must show that the error was so fundamental that it had a probable impact on the result reached by the jury." State v. Campbell, 340 N.C. 612, 640, 460 S.E.2d 144, 159 (1995) (citation omitted). "Plain error is error `so fundamental as to amount to a miscarriage of justice or probably resulted in the jury reaching a different verdict than it otherwise would have reached.'" State v. Hannah, 149 N.C. App. 713, 720, 563 S.E.2d 1, 6 (2002) (citation omitted).
State v. Davis, ___ N.C. App. ___, ___, 664 S.E.2d 21, 23 (2008).
In the present case, State's evidence tended to show that Deputy Sealy saw Defendant flee the Cadillac on foot, run 100 to 150 yards, collide with a tree, and fall to the ground. When Deputy Sealy first attempted to handcuff Defendant, Defendant resisted by lying with his hands under his stomach. Sgt. Richardson arrived to assist in the arrest and recognized Defendant. Sgt. Richardson stated: "Charles, you know better." After this statement, Defendant cooperated with the officers, ceased resisting arrest, and allowed himself to be handcuffed.
While Defendant argues that this statement may have prejudiced the jury against him, he has failed to prove that the verdict probably would have been different had the testimony been excluded. Assuming arguendo that allowing the testimony constituted error, we hold that it does not rise to the level of plain error. Even if this testimony had been excluded, the State presented plenary evidence of Defendant's guilt. The State's evidence tended to show that multiple law enforcement officers testified that the fleeing Cadillac had only one occupant for the entirety of the chase, during which time at least one officer had the Cadillac in sight. Deputy Sealy also testified that it was Defendant he chased on foot and arrested after the fleeing Cadillac came to a stop in the yard. Furthermore, Sgt. Richardson testified that he recognized Defendant by name when Sgt. Richardson approached Defendant during the arrest. In light of the strength of the State's evidence, we do not find that the contested testimony had a "`probable impact on the result reached by the jury.'" Davis, N.C. App. at ___, 664 S.E.2d at 23 (quoting Campbell, 340 N.C. at 640, 460 S.E.2d. at 159). This argument is without merit.
No error.
Judges HUNTER, Robert C. and BEASLEY concur.
Report per Rule 30(e).