IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-335

 Filed: 3 December 2019

Rockingham County, No. 17 CRS 1325

STATE OF NORTH CAROLINA

 v.

DAVID WILLIAM WARDEN II

 Appeal by defendant from judgment entered 12 September 2018 by Judge

Gregory R. Hayes in Rockingham County Superior Court. Heard in the Court of

Appeals 13 November 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Margaret A.
 Force, for the State.

 Mark Montgomery for defendant-appellant.

 TYSON, Judge.

 David William Warden II (“Defendant”) appeals from jury convictions of sexual

offense with a child by an adult, child abuse by a sexual act, and taking indecent

liberties with a child, “Virginia.” See N.C. R. App. P. 42(b)(3) (pseudonyms used in

appeals filed under N.C. Gen. Stat. § 7A-27 involving sexual offenses committed

against a minor). We reverse and remand for a new trial.

 I. Background
 STATE V. WARDEN

 Opinion of the Court

 Virginia is Defendant’s biological daughter. Defendant and Virginia’s mother

were married for ten years and had two children: Virginia and her brother.

Defendant and Virginia’s mother separated in 2011. After their parents separated,

Virginia and her brother frequently visited with their father.

 Virginia was 15 years old in June 2017. Members of the family argued about

where to spend Father’s Day. The disagreement concerned whether Virginia and her

brother would ride back from a campsite with their grandfather, Defendant’s father,

instead of riding with Defendant. The children’s grandfather thought they should

ride with Defendant. He was upset by the suggestion the children apparently

preferred to ride with him.

 While their grandfather was speaking to Virginia over the phone about the

issue, he asked her, “Why don’t you want to ride back with him? It’s not like he

molested y’all or anything.” Virginia “got quiet” and “didn’t say anything” in

response.

 After this phone call, Virginia told her mother that Defendant had made her

perform fellatio on him when she was nine years old. Virginia’s mother and maternal

grandmother took her to the Rockingham County Sheriff’s Department the next day.

A sheriff’s deputy interviewed Virginia and the Department opened an investigation.

As part of this investigation, a detective contacted DSS and Help, Incorporated to set

up a forensic interview with Virginia.

 -2-
 STATE V. WARDEN

 Opinion of the Court

 At trial, Virginia testified to this alleged initial incident and two other similar

incidents with Defendant, which allegedly occurred three years later when Virginia

was 12 years old. No one else witnessed any of these incidents, nor was there any

contemporaneous corroborating or physical evidence presented. The trial court

issued the jury a limiting instruction that Virginia’s testimony about those two later

alleged incidents was being admitted solely for the purpose of showing identity of

Defendant, a common scheme or purpose, or other permissible reasons under Rule

404(b). N.C. Gen. Stat. § 8C-1, Rule 404(b) (2017).

 Also, solely for the limited purposes of Rule 404(b), Defendant’s sister testified

that Defendant had molested her multiple times when she was between the ages of 7

or 8 and 12 years old. Virginia’s mother, maternal grandmother, and paternal

grandfather testified to corroborate only the events surrounding Virginia’s first

reporting of her allegations and changes in her behavior growing up. No other

witnesses with direct knowledge of the allegations at the time they had allegedly

occurred, or any other witness to whom she had contemporaneously “disclosed” these

allegations corroborated Virginia’s allegations. No physical evidence arising from or

supporting any of the allegations was presented.

 DSS Child Protective Services Investigator Melissa McClary testified, without

objection by Defendant, that DSS believed Virginia’s allegations against Defendant

to be true:

 -3-
 STATE V. WARDEN

 Opinion of the Court

 Q. [D]oes your office either substantiate or un-substantiate
 a claim?

 A. Yes. . . . [P]art of our role is to determine whether or not
 we believe allegations to be true or not true. If we believe
 those allegations to be true, we will substantiate a case. If
 we believe them to be not true or we don’t have enough
 evidence to suggest that they are true, we would un-
 substantiate a case.

 ...

 Q. And what was the case decision that DSS or CPS decided
 on?

 A. We substantiated sexual abuse naming David Warden
 as the perpetrator.

 Peg Stephenson, of Help, Incorporated, qualified and testified as an expert

witness in the area of child sexual abuse and forensic interviewing. She explained

the concept of a “delayed disclosure” and stated, in her professional opinion, Virginia’s

allegations in this case were “definitely a delayed disclosure.” Defendant’s counsel

failed to object to any of the testimony now at issue on appeal.

 Defendant testified on his own behalf. He denied molesting Virginia. He also

denied molesting his sister. On cross-examination, Defendant repeatedly denied the

allegations, saying, “I didn’t do what my daughter’s saying I did.” Defendant’s

testimony was the entirety of his defense case-in-chief.

 The jury returned a verdict and found Defendant guilty as charged of the three

offenses. The trial court entered judgment for all three charges and sentenced

Defendant to consecutive, active sentences: 300 to 369 months for the sexual offense

 -4-
 STATE V. WARDEN

 Opinion of the Court

with a child by an adult; 29 to 44 months for the child abuse by a sexual act; and, 19

to 32 months for the indecent liberties with a child. Defendant gave notice of appeal

in open court.

 II. Jurisdiction

 An appeal as of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-

27(b)(1) (2017).

 III. Issues

 Defendant argues the trial court committed plain error by allowing two

witnesses to improperly vouch for or bolster Virginia’s credibility. Alternatively,

Defendant argues he was denied effective assistance of counsel by his counsel’s failure

to object to the improper testimony.

 IV. Standard of Review

 Defendant concedes his trial counsel failed to object to the challenged

testimony and the issue is not preserved on appeal. Unpreserved issues are reviewed

for plain error. State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983).

 [Plain error] is always to be applied cautiously and only in
 the exceptional case where, after reviewing the entire
 record, it can be said the claimed error is a fundamental
 error, something so basic, so prejudicial, so lacking in its
 elements that justice cannot have been done, or where the
 error is grave error which amounts to a denial of a
 fundamental right of the accused, or the error has resulted
 in a miscarriage of justice or in the denial to appellant of a
 fair trial or where the error is such as to seriously affect the

 -5-
 STATE V. WARDEN

 Opinion of the Court

 fairness, integrity or public reputation of judicial
 proceedings[.]

Id. (emphasis original) (citations and internal quotation marks omitted).

 V. Analysis

 Defendant challenges the admissibility of testimony from two of the State’s

expert witnesses, McCrary and Stephenson, on the grounds they improperly vouched

for the truthfulness of Virginia’s accusations and bolstered her credibility. As regards

McCrary’s testimony, we agree.

 The Supreme Court of North Carolina has held “[t]he jury is the lie detector in

the courtroom and is the only proper entity to perform the ultimate function of every

trial—determination of the truth.” State v. Kim, 318 N.C. 614, 621, 350 S.E.2d 347,

351 (1986) (emphasis supplied). Following our Supreme Court’s long-standing rule

this Court has held “[i]t is fundamental to a fair trial that the credibility of the

witnesses be determined by the jury.” State v. Hannon, 118 N.C. App. 448, 451, 455

S.E.2d 494, 496 (1995) (citation omitted).

 Prior precedents have repeatedly admonished: “a witness may not vouch for

the credibility of a victim.” State v. Giddens, 199 N.C. App. 115, 121, 681 S.E.2d 504,

508 (2009), aff’d per curiam, 363 N.C. 826, 689 S.E.2d 858 (2010). “This Court has

held that it is fundamental to a fair trial that a witness’s credibility be determined

by a jury, that expert opinion on the credibility of a witness is inadmissible, and that

the admission of such testimony is prejudicial when the State’s case depends largely

 -6-
 STATE V. WARDEN

 Opinion of the Court

on the testimony of the prosecuting witness.” State v. Dixon, 150 N.C. App. 46, 53,

563 S.E.2d 594, 599 (2002) (citation omitted). This prohibition against vouching for

the credibility of the complainant or another witness applies to the testimony of a lay

witness as well as an expert witness. See, e.g., State v. Coble, 63 N.C. App. 537, 541,

306 S.E.2d 120, 122 (1983).

 Our Supreme Court has held, “[i]n a sexual offense prosecution involving a

child victim, the trial court should not admit expert opinion that sexual abuse has in

fact occurred because, absent physical evidence supporting a diagnosis of sexual

abuse, such testimony is an impermissible opinion regarding the victim’s credibility.”

State v. Chandler, 364 N.C. 313, 318, 697 S.E.2d 327, 331 (2010) (citations omitted).

 In State v. Giddens, this Court held plain error occurred when a DSS child

protective services investigator testified the defendant in that case “was

substantiated as the perpetrator.” Giddens, 199 N.C. App. at 118, 681 S.E.2d at 506.

That investigator testified “substantiated” meant “the examiners found evidence

throughout the course of [their] investigation to believe that the alleged abuse and

neglect did occur.” Id.

 Kent’s testimony that DSS had “substantiated” Defendant
 as the perpetrator, and that the evidence she gathered
 caused DSS personnel to believe that the abuse alleged by
 the children did occur, amounted to a statement that a
 State agency had concluded Defendant was guilty. DSS is
 charged with the responsibility of conducting the
 investigation and gathering evidence to present the
 allegation of abuse to the court. Although Kent was not

 -7-
 STATE V. WARDEN

 Opinion of the Court

 qualified as an expert witness, Kent is a child protective
 services investigator for DSS, and the jury most likely gave
 her opinion more weight than a lay opinion. Thus, it was
 error to admit Kent’s testimony regarding the conclusion
 reached by DSS.

Id. at 121-22, 681 S.E.2d at 508.

 Like the witness, Kent, in Giddens, McClary is a child protective services

investigator for DSS. McClary’s testimony in this case, that her office “determine[s]

whether or not we believe allegations to be true or not true” and then “substantiated

sexual abuse naming David Warden as the perpetrator,” is indistinguishable from

the erroneously admitted testimony in Giddens. The trial court erred by allowing

McClary to vouch for the credibility of Virginia’s allegations against Defendant by

testifying to the conclusion reached by DSS based upon those allegations. We review

whether the Defendant has shown the error was so prejudicial to amount to plain

error.

 Plain error occurs when, absent the testimony admitted in error, “the jury

would have been left with only the children’s testimony and the evidence

corroborating their testimony,” Giddens, 199 N.C. App. at 123, 681 S.E.2d at 509, or

where “the central issue to be decided by the jury was the credibility of the victim.”

State v. Couser, 163 N.C. App. 727, 731, 594 S.E.2d 420, 423 (2004). “[I]t is not plain

error for an expert witness to vouch for the credibility of a child sexual abuse victim

where the case does not rest solely on the child’s credibility.” State v. Davis, 191 N.C.

App. 535, 541, 664 S.E.2d 21, 25 (2008) (citation omitted).

 -8-
 STATE V. WARDEN

 Opinion of the Court

 In this case, we need not speculate upon what evidence the State’s case rested

or whether the credibility of the victim was the central, if not sole, issue to be decided.

The prosecutor succinctly summarized the State’s case in the closing argument:

 What this case comes down to is whether or not you believe
 [Virginia]. If you believe [Virginia], there’s no reasonable
 doubt. It really doesn’t matter if you fully believe
 [Virginia’s mother], or if you fully believe [Defendant’s
 sister], or if you fully believe the Defendant’s father. Those
 are extra. Those are corroborating evidence. What matters
 is if you believe [Virginia]. If you believe what she says,
 then it happened.

 The only direct witnesses to the alleged incidents in this case were Virginia

and Defendant, both of whom testified. As the State itself highlighted in closing, for

the State to carry its burden of proof, the sole question for the jury was to weigh and

accept the credibility of the victim in the absence of any physical or other

contemporaneous incriminating evidence. See id. We hold the admission of McClary’s

testimony that DSS “substantiated” Virginia’s claim to be true and that Defendant

“[w]as the perpetrator” to be plain error.

 Because we find plain error and prejudice to Defendant is shown in the

admission of McClary’s testimony, we need not reach Defendant’s other issues raised

on appeal.

 VI. Conclusion

 The trial court committed plain error in admitting witness testimony that DSS

had “substantiated” the victim’s claim of sexual abuse, naming Defendant “as the

 -9-
 STATE V. WARDEN

 Opinion of the Court

perpetrator.” This testimony improperly bolstered or vouched for the victim’s

credibility. Where, as argued by the State in closing argument, the credibility of the

complainant was the central, if not the only, issue to be decided by the jury, this plain

error of admitting vouching or bolstering testimony by the State was prejudicial to

Defendant to mandate a new trial. It is so ordered.

 NEW TRIAL.

 Judge COLLINS concurs.

 Judge YOUNG dissents with separate opinion.

 - 10 -
 No. COA19-335 – State v. Warden

 YOUNG, Judge, dissenting.

 The majority has held that, because the State’s case rested upon Virginia’s

credibility, and McClary improperly reinforced that credibility, the admission of

McClary’s testimony was prejudicial and plain error. For the following reasons, I

respectfully dissent.

 I agree with the majority that McClary’s testimony was improper and

erroneously admitted. However, even acknowledging that this testimony was

admitted in error, Defendant has the burden, on plain error review, to show that it

was prejudicial. State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993)

(holding that, on plain error review, “defendant must convince this Court not only

that there was error, but that absent the error, the jury probably would have reached

a different result”). I acknowledge that, had the only evidence been Defendant’s

testimony, Virginia’s testimony, and the testimony of McClary and Stephenson, the

admission of the experts’ improper bolstering of Virginia’s testimony may well have

been prejudicial. See Giddens, 199 N.C. App. at 123, 681 S.E2d at 509 (holding that,

where the jury “would have been left with” only the testimony of the victim and the

defendant, the introduction of corroborating testimony was plain error). However, as

the majority notes, this Court has also held that “it is not plain error for an expert

witness to vouch for the credibility of a child sexual abuse victim where the case does

not rest solely on the child’s credibility.” Davis, 191 N.C. App. at 541, 664 S.E.2d at

25 (citation omitted).
 STATE V. WARDEN

 YOUNG, J., dissenting

 Indeed, even setting aside the testimony of McClary and Stephenson,

Defendant and Virginia were not the only ones to testify at trial. Defendant’s sister

testified as to how Defendant molested her multiple times in her childhood,

corroborating Virginia’s description of events. And Virginia’s grandmother and

grandfather testified as to Virginia’s change in behavior and personality after the

alleged events occurred. Given this evidence, as well as Virginia’s testimony, the

recording of her interview with Stephenson, and Virginia’s police report, I cannot

agree with the majority that, absent McClary and Stephenson improperly bolstering

Virginia’s credibility, “the jury probably would have reached a different result.” I

would instead hold that Defendant has not shown prejudice and, accordingly, that

the trial court did not commit plain error in admitting the challenged testimony.

 In an alternative argument, which the majority, having found plain error,

declined to consider, Defendant contended that trial counsel’s failure to object to the

testimony constituted ineffective assistance of counsel. However, as I believe

Defendant failed to show prejudice with respect to plain error, Defendant would

likewise be unable to show prejudice with respect to any acts or omissions of counsel.

As such, I would similarly hold that Defendant did not receive ineffective assistance

of counsel.

 2